# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br>CHARLES CLEVELAND and ELLERIE CLEVELAND,<br><br>　　　　　Debtor.<br><br>LENARD E. SCHWARTZER, TRUSTEE,<br><br>　　　　　Appellant,<br>　vs.<br><br>CHARLES CLEVELAND and ELLERIE CLEVELAND,<br><br>　　　　　Appellees. | Case No.: 2:14-cv-00068-GMN<br>Bankruptcy Case No. BK-S-13-11315-LED<br><br>**ORDER** |

Pending before the Court is Appellant Lenard Schwartzer's Appeal from the Bankruptcy Court's January 3, 2014, Exemption Order in Bankruptcy Case No. 13-11315-LED. Appellant filed an Opening Brief (ECF No. 7). Appellees Charles and Ellerie Cleveland filed an Answering Brief (ECF No. 11), and Appellant filed a Reply Brief (ECF No. 13).

## I.     BACKGROUND

On February 21, 2013, Appellees Charles and Ellerie Cleveland ("Appellees") filed for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"). (Opening Brief 9:21–24, ECF No. 7). Appellant Lenard Schwartzer ("Appellant") was appointed as the Chapter 7 Trustee to administer the bankruptcy estate. (*Id.*). In their schedules, Appellees disclosed their 100% ownership interest in PFG Advisors, LLC and PFG Properties, LLC—both Nevada limited liability companies. (Schedule B, Dkt. 27, ER 7, ECF No. 7–1). PFG Advisors, LLC is Appellees' insurance agency business, and PFG Properties,

LLC is "an entity formed to own an office building which had ultimately been foreclosed upon in 2012." (Answering Brief 9:19–23, ECF No. 11).

After Appellees filed their original and amended schedules, Appellant timely filed an Objection to Debtors' Claim of Exemptions ("Objection"). (Dkt. 65, ER 38–41).  Appellees filed an Opposition (Dkt. 72, ER 44–63), and Appellant filed a Reply (Dkt. 77, ER 74–77). After the Objection was fully briefed, the Bankruptcy Court held a hearing on October 25, 2013. (*See* Transcript of Hearing on October 25, 2013, Dkt. 106, ER 130–77).  At that hearing, the Bankruptcy Court requested supplemental briefing by Appellees. (ER 172:10–12). Appellees filed their supplemental briefing on November 20, 2013 (Dkt. 83, ER 78–99), and the Bankruptcy Court held another hearing on November 26, 2013 (*See* Transcript of Hearing on November 26, 2013, Dkt. 107, ER 178–88).  At that hearing, the Bankruptcy Court directed the parties to file an order incorporating the Bankruptcy Court's findings and conclusions of law regarding Appellant's Objection. (ER 183:20–21).  On January 3, 2014, an Order Denying Trustee's Objection to Debtor's Claim of Exemptions ("Exemption Order") was filed. (Dkt. 86, ER 104–06).  The Exemption Order held:

> 1. All of the Trustee's objections to the Debtors' claims of exemptions are denied except that as to the claim of exemptions for Debtors' interests in various liability companies (including limited liability companies which the Debtors own 100% of the membership and are managers), the Court finds that although those interests are otherwise property of the bankruptcy estate the Trustee has no right to sell or otherwise take ownership of any assets of those companies;

(ER 104:20–25).  Shortly thereafter, Appellant filed a Notice of Appeal. (ECF No. 1).

## II. <u>LEGAL STANDARD</u>

The Court reviews *de novo* the Bankruptcy Court's interpretation of state exemption laws, as well as its interpretation of the Bankruptcy Code. *See Hopkins v. Cerchione (In re Cerchione)*, 414 B.R. 540, 545 (B.A.P. 9th Cir. 2009).  The Court reviews the Bankruptcy

Court's factual findings for clear error. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005); Fed. R. Bankr. P. 8013.  The Bankruptcy Court's factual findings are clearly erroneous only if the findings "leave the definite and firm conviction" that the Bankruptcy Court made a mistake. *In re Rains*, 428 F.3d at 900 (quotation omitted).

### III.   DISCUSSION

On appeal, Appellant raises only issues of law and does not contest the underlying facts. Appellant initially raised two issues: (1) whether the Bankruptcy Court erred when it held that Appellant has no right to sell or otherwise take ownership of any assets of the limited liability companies, which Appellees own 100% of the membership and are managers; and (2) whether the Bankruptcy Court erred when it held that 75% of the accounts receivable and/or commissions payable to a limited liability company owned 100% by Appellees are exempt. (Opening Brief 6:9–13).  However, Appellant has withdrawn the second issue on appeal, and therefore, only the first issue remains. (*See* Reply Brief 12:8–15).

Appellant argues that the Bankruptcy Court erred when it held in its Exemption Order that Appellant has no right to sell or otherwise take ownership of any assets of the limited liability companies, which Appellees own 100% of the membership and are managers. (Opening Brief 20:5–7).  Appellant asserts that, because bankruptcy law expressly pre-empts state law, "Nevada's exemption statutes do not provide any separate exemption for ownership interests in limited liability companies," and "[w]hen Debtors filed their petition, the Trustee stepped into their shoes and the Trustee now owns those 100% membership interests and has the right to control those LLC's." (*Id.* 20:1–5).  On the other hand, while Appellees concede that their membership interests in their LLCs are personal property and are included in their bankruptcy estate, they argue that Appellant is limited to a charging order under Nevada state law. (*See* Answering Brief 18:22–20:3).

Numerous bankruptcy courts have held, and the Court agrees, that where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee succeeds to all of the debtor's rights, including the right to control that entity, and a trustee need not take any further action to comply with state law before exercising such control. *See, e.g.*, *In re First Protection, Inc.*, 440 B.R. 821, 830 (B.A.P. 9th Cir. 2010); *In re B&M Land & Livestock, LLC*, 498 B.R. 262, 267 (Bankr. D. Nev. 2013); *In re Albright*, 291 B.R. 538, 541 (Bankr. D. Colo. 2003). Furthermore, the Court agrees that "[s]tate law does not control the administration of property interests that are part of the bankruptcy estate." *In re B&M*, 498 B.R. at 268. Accordingly, Appellant is not limited to a charging order under Nevada law, and succeeds to all of Appellees' rights in the LLCs, including the right to control those entities.

However, Appellees argue that Appellant's rights to manage the limited liability companies should be limited because Appellees' LLC renders "personal services." (Answering Brief 18:4–15). In *B&M*, the court held that "where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee's rights automatically include the right to manage that entity." 498 B.R. at 267. The *B&M* court held in dicta, however, that "[t]his principle may be limited where the LLC is run by or deals with matters such as professional practices or personal services. For instance, a trustee likely may not manage a law firm, medical practice, or accounting firm that is organized as an LLC." *Id.* Appellees argue that this limitation applies here because Appellees' LLC requires state examination and licensing in order to be in operation. (Answering Brief 21:5–8, 22:2–3). The Bankruptcy Court agreed with this reasoning. (Transcript of Hearing on November 26, 2013, Dkt. 107, ER 184:20–21).

Appellees provide no further support for the application of this limitation. Additionally, even if *B&M* suggests that there may be a limit on a trustee's ability to manage certain types of

LLCs, the case does not suggest that a trustee is precluded from selling the assets of an LLC. Accordingly, the Court is not convinced that Appellant's rights to sell or otherwise take ownership of the assets of Appellees' LLCs should be limited. Therefore, the Bankruptcy Court erred in holding that Appellant "has no right to sell or otherwise take ownership of any assets of" Appellees' LLCs. Appellant, as the trustee of the bankruptcy estate, has the right to sell or otherwise take ownership of any assets of Appellees' LLCs.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Exemption Order of the Bankruptcy Court filed January 3, 2014, is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

**DATED** this __29__ day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge